**Opinion issued October 24, 2013**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00174-CR**
**NO. 01-13-00175-CR**

———————————

**CHARLES DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from 178th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1339915, 1339916**

---

**MEMORANDUM OPINION**

Appellant, Charles Davis, pleaded guilty, without an agreed

recommendation from the State regarding punishment, to the offenses of

aggravated assault on a public servant[1] and aggravated robbery.[2]  *See* TEX. PENAL CODE ANN. §§ 22.02, 29.03 (West 2011).  In each offense, the trial court found appellant guilty and entered an affirmative finding on the use or exhibition of a deadly weapon, namely, a firearm.  The trial court assessed punishment of confinement for 45 years for each offense, with the sentences to be served concurrently.

In each appeal, appellant's appointed counsel has filed a motion to withdraw, along with an *Anders* brief, stating that the record presents no reversible error and that, therefore, the appeal is frivolous.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).  Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record. *See id.*; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008); *Mitchell v. State*, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Further, counsel's brief reflects that he delivered a copy of the brief to appellant and has informed him of his right to examine the appellate record and to file a response.  *See Schulman*, 252 S.W.3d at 408.  More than 30 days have

---

[1]     Appellate cause number 01-13-00174-CR and trial court cause number 1339916.

[2]     Appellate cause number 01-13-00175-CR and trial court cause number 1339915.

passed, and appellant has not filed a pro se response. *See id.* at 409 n.23 (adopting 30–day period for response). The State has filed a waiver of its opportunity to file an appellee's brief.

In each appeal, we have reviewed counsel's brief and have independently reviewed the entire record. We conclude that no reversible error exists, that there are no arguable grounds for review, and that therefore the appeals are frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (considering whether there are "arguable grounds" for review); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d 827 & n.6.

In each appeal, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[3] Attorney Don R. Cantrell must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

---

[3] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## PER CURIAM

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).